UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FARRAH GILOT,

      Plaintiff,

 -against-

ACT BLUE,

      Defendant.

19-CV-11256 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction. By order dated December 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, a resident of Brooklyn, New York, brings this action against Act Blue, identified as a Massachusetts company. Plaintiff alleges the following:

> Act Blue was notified prior to October 12, 2017 about a transaction on my account for presidential candidate Julian Castro I notified them not to take funds from my account again. I was a volunteer for Julian Castro. When I left his brother harass and his wife Erica Castro show up to a place I was working. I contact several state rep and senate no one did. I also notified Act Blue. First agreeing to refund my money until hearing Julian Castro then said no. Act Blue wants to force my harasser to be compensated. They agree to a refund they were told not to take any funds out of my account again. They also have 30 days policy this is a way intimidate and harass me. Julian Castro and Joaquin Castro family has harass victimized me after complaining on attempt kidnaped where after arguing with the police while visiting Austin. Act Blue action as cause me anxiety and depress. I have complaints of harassment and misconduct with over 400 reps and 87 senate since August to October. Act Blue was fully aware as well.

(1:19-CV-11256, 2.)

Plaintiffs seek "my money 115 that they took minus from Tulsi Gabbard campaign." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, and in light of her litigation history, the Court declines to grant Plaintiff leave to amend her complaint.

Plaintiff has previously filed three cases in this Circuit that were dismissed for failure to state a claim and failure to allege subject matter jurisdiction, and she filed another case was dismissed for improper venue. *See Gilot v. Tru Corps LLC*, ECF 1:18-CV-7914, 14 (S.D.N.Y. Jan. 29, 2019) (dismissing complaint, after giving Plaintiff an opportunity to respond, for failure to state a claim or plead the amount-in-controversy requirement for diversity jurisdiction), *Gilot v. Equivity*, ECF 1:18-CV-7039, 5 (S.D.N.Y. Aug. 16, 2018) (dismissing complaint because amount-in-controversy not met); *Gilot v. Equivity c/o ID Experts*, No. 18-CV-3492 (WFK) (E.D.N.Y. July 31, 2018) (dismissing amended complaint for failing to plead the amount-in-controversy requirement for diversity jurisdiction); *Gilot v. President Nix Health*, ECF 1:18-CV-5723, 4 (S.D.N.Y. June 25, 2018) (transferring matter to the Western District of Texas, where cause of action arose).

Based on this litigation history, the Court finds that Plaintiff knew or should have known that this Court lacks subject matter jurisdiction over her claims, and that venue is not proper here. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Accordingly, Plaintiff is warned that she may be barred from filing new actions *in forma pauperis* without prior permission if she persists in filing cases that suffer from these same defects. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 16, 2020
        New York, New York

                                            COLLEEN McMAHON
                                    Chief United States District Judge